1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9    STEPHEN SANCHEZ,

10              Plaintiff,                    No. CIV S-07-0535 FCD GGH PS

11        vs.

12
     ELK GROVE UNIFIED SCHOOL
13   DISTRICT, et al.,

14              Defendants.            ORDER

15   _____/

16              This action, in which plaintiff is proceeding pro se, has been referred to the

17   undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21).  This action is proceeding on the

18   complaint filed March 19, 2007, against defendants Elk Grove Unified School District

19   ("District"), Stephen Ladd, Xavier de la Torre, Annette Buckmaster, Richard Odegard, Claudia

20   Sherrill, Linda Sutter, Kim Thomas, Lisa Emigh, and Jill Gayaldo.  Defendants' motion to

21   dismiss, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), filed April 5, 2007, was

22   previously heard on this court's calendar for May 17, 2007.  Plaintiff filed an opposition on May

23   11, 2007.[1]  Having reviewed the filings and heard oral argument, the undersigned now issues the

24   _____

25          [1]  Although plaintiff's opposition was untimely, not signed, and contained no briefing, he
     was permitted to be heard in court.  Pro se pleadings are liberally construed.  See Haines v.
26   Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't.,

1 following order.

2 BACKGROUND

3    Plaintiff, a former school bus driver instructor of the District, alleges that

4 defendants tried to retaliate against him for filing two complaints of sexual harassment.  He

5 claims that his supervisor, Kim Thomas, created a hostile work environment, coworker Lisa

6 Emigh participated in it, and director Claudia Sherrill did nothing to stop it.  After plaintiff

7 complained of the harassment, defendants tried to demote and terminate him.  The attempted

8 demotion was for insubordination for his refusal to sign a document approving Lisa Emigh to

9 drive because she did not have the required training.  When plaintiff tried to clarify the law on

10 this issue which involved additional incidents of incomplete training, the Director of Human

11 Resources, Annette Buckmaster, finally scheduled meetings, but continually cancelled them.

12 Plaintiff claims that as a result of the harassment, his reputation, career and retirement have been

13 harmed.  He asserts that if he has to return to this employment, he will be further subjected to a

14 hostile work environment and limited potential for promotion.  He seeks $500,000 in damages.

15    The District claims that it did not recommend his demotion or termination.

16 Defendants also contend that it is impossible to determine from the complaint when the

17 violations occurred, and which violations are alleged against the District, as well as the facts

18 underlying the violations.  The motion to dismiss is based on the lack of federal jurisdiction,

19 Eleventh Amendment immunity, and failure to plead a cause of action.

20 LEGAL STANDARD FOR MOTION TO DISMISS.

21    A complaint should not be dismissed under Rule 12(b)(6) unless it appears

22 beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle

23 plaintiff to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994);

24 _____

25 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity

26 to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221,1230 (9th Cir. 1984).

1   Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based

2   either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support

3   cognizable legal theories.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

4           The complaint's factual allegations are accepted as true.  Church of Scientology of

5   California v. Flynn, 744 F.2d 694 (9th Cir.1984).  The court construes the pleading in the light

6   most favorable to plaintiff and resolves all doubts in plaintiff's favor.  Parks School of Business,

7   Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).  General allegations are presumed to

8   include specific facts necessary to support the claim.  NOW, 510 U.S. at 256, 114 S.Ct. at 803,

9   quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

10          The court may disregard allegations contradicted by the complaint's attached

11  exhibits.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart

12  Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to

13  accept as true allegations contradicted by judicially noticed facts.  Mullis v. United States

14  Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public

15  record, including pleadings, orders, and other papers filed with the court.  Mack v. South Bay

16  Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria

17  Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S.Ct. 2166 (1991).  "The court

18  is not required to accept legal conclusions cast in the form of factual allegations if those

19  conclusions cannot reasonably be drawn from the facts alleged."  Clegg v. Cult Awareness

20  Network, 18 F.3d 752 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or

21  unwarranted deductions of fact.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th

22  Cir. 1981).

23          Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

24  Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96 (1972).  Unless it is clear that no

25  amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend

26  the complaint before dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en

3

1    banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

2    ANALYSIS

3        I.  Jurisdiction

4            This court is unable to ascertain the federal jurisdictional basis of plaintiff's

5    complaint.

6            A federal court is a court of limited jurisdiction, and may adjudicate only those

7    cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co,

8    511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  The basic federal jurisdiction statutes, 28

9    U.S.C. §§ 1331 and 1332, confer "federal question" and "diversity" jurisdiction, respectively,

10   while statutes regulating specific subject matter may also confer federal jurisdiction.  See

11   generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial

12   § 2:5.  Lack of subject matter jurisdiction is so fundamental that it may be raised at any time by

13   any party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d

14   593, 594-95 (9th Cir. 1996).

15           "A party invoking the federal court's jurisdiction has the burden of proving the

16   actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th

17   Cir. 1996).  Unless a complaint presents a plausible assertion of a substantial federal right, a

18   federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776

19   (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as

20   the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372,

21   1379-80 (1974).

22           Plaintiff does not allege the basis for this court's federal subject matter

23   jurisdiction.  Plaintiff states that he has filed a complaint with FEHA and the EEOC, but alleges

24   no violation of federal law or the Constitution.  These contentions, broadly construed, may assert

25   a violation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  A suit for

26   retaliation may also be brought under Title VII which provides in part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

This section protects an employee or former employee from retaliation as a result of engaging in activity protected by Title VII. Arnold v. U.S., 816 F.2d 1306, 1310 (9th Cir. 1987); Richardson v. Restaurant Marketing Associates, Inc., 527 F. Supp. 690, 695 (N.D.Cal. 1981). In a retaliation case, this circuit follows the general rule regarding proof as set forth in McDonnell Douglas. Thus: (1) plaintiff must establish a prima facie case; (2) defendant must then come forward with legitimate nondiscriminatory reasons for the action; and (3) plaintiff has the final burden to show that the action was a pretext for retaliation. Godwin v. Hunt Wesson, Inc., 150 F.3d 1217 (9th Cir.1998); Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464-65 (9th Cir.1994).

To establish a prima facie case, plaintiff must prove that: "(1) he engaged in activity protected by Title VII;[2] (2) the employer made an adverse employment decision; and (3) a causal connection existed between the two." Folkerson v. Circus Circus Enterprises, Inc., 107 F.3d 754, 755 (9th Cir.1997). A causal connection may be shown by raising an inference that the discrimination complaint was the probable reason for the adverse employment decision. Id.

Here, plaintiff alleges only that defendants retaliated against him for bringing to light alleged violations in bus driver training. To state a Title VII claim against the District, plaintiff must specify how this defendant made an adverse employment decision as a direct result of specified protected activity. Plaintiff must specify what federal constitutional or statutory

---

[2] The fact that plaintiff opposed unlawful employment practices and/or participated in Title VII proceedings will establish this element. Hochstadt v. Worcester Foundation for Experimental Biology, 425 F.Supp. 318, 324 (D.Mass. 1976).

5

1  interest is at stake, and demonstrate its violation; or, if plaintiff maintains violation of state law,

2  he must explain how this gives rise to the violation of a federal right.  Plaintiff bears the burden

3  of demonstrating this court's jurisdiction.

4       Additionally, Title VII requires that a plaintiff obtain a "right to sue" letter from

5  the EEOC before filing an action.  See Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1172-74 (9th

6  Cir.1986), amended by 815 F.2d 570 (9th Cir.1987).  Plaintiff has not alleged or attached a right

7  to sue letter to the complaint.  Accordingly, plaintiff will be given the opportunity to amend his

8  complaint to state a basis for federal jurisdiction.  If plaintiff is alleging a claim under Title VII,

9  he should allege or attach his right to sue letter to the amended complaint.

10      II.  Eleventh Amendment

11      As is not the case for Title VII claims, the Eleventh Amendment bars federal suits

12  for violations of federal law pursuant to 42 U.S.C. § 1983 against a state, its agencies or its

13  departments for legal or equitable relief, unless the state consents to suit or waives its immunity.

14  Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932 (1986).  The Eleventh Amendment bars

15  federal suits for violations of federal law against state officials sued in their official capacities for

16  damages and other retroactive relief.  Quern v. Jordan, 440 U.S. 332, 337, 99 S. Ct. 1139, 1143

17  (1979); Pena v. Gardener, 976 F.2d 469, 472 (9th Cir. 1992).  The Eleventh Amendment bars

18  federal suits against a state, its agencies, or its departments for violations of state law regardless

19  of the relief sought, unless the state consents to suit.  Pennhurst State School & Hospital v.

20  Halderman, 465 U.S. 89, 100, 106, 120-21, 104 S. Ct. 900 (1984).  See also United Parcel

21  Service v. California Public Utilities Comm'n, 77 F.3d 1178, 1186 (9th Cir. 1996) (holding that

22  the 11th Amendment prohibits federal courts from issuing injunctive relief against state agencies

23  or state officials in official capacities on the basis of state law).

24      The Eleventh Amendment does not bar federal suits against state officers sued in

25  their official capacities for prospective relief based on an ongoing violation of plaintiff's federal

26  constitutional or statutory rights.  Edelman v. Jordan, supra; Ex Parte Young, 209 U.S. 123, 159-

1 | 60 (1908); <u>Central Reserve Life of North America Ins. Co.</u>, 852 F.2d 1158, 1161 (9th Cir. 1988).

2 | However, the Eleventh Amendment does bar federal suits for violations of state law against state

3 | officials sued in their official capacity for retrospective and prospective relief.  <u>Pennhurst State</u>

4 | <u>School & Hospital v. Halderman</u>, <u>supra</u>; <u>Pena v. Gardener</u>, 976 F.2d 469, 473 (9th Cir. 1992).

5 |       The Eleventh Amendment does not bar federal suits for violations of federal law

6 | against state officials sued in their individual capacities for damages.  <u>Scheuer v. Rhodes</u>, 416

7 | U.S. 232, 238, 94 S. Ct. 1683 (1974).  Nor does it bar federal suits for violations of state law

8 | against state officials sued in their individual capacities for damages.  <u>Ashker v. California Dep't</u>

9 | <u>of Corrections</u>, 112 F.3d 392, 394 (9th Cir. 1997); <u>Pena v. Gardener</u>, 976 F.2d 469, 473-74 (9th

10 | Cir. 1992).

11 |       If plaintiff is attempting to allege a civil rights claim under 42 U.S.C. § 1983, this

12 | section does not abrogate the states' Eleventh Amendment immunity from suit.  <u>See Quern v.</u>

13 | <u>Jordan</u>, 440 U.S. 332, 344-45, 99 S. Ct. 1139, 1147 (1979).  Accordingly, as a general rule, states

14 | cannot be sued in federal court for violating §1983.  The Eleventh Amendment likewise, in

15 | general, bars suits for damages against state officials in their official capacities, because such a

16 | suit is in effect one against the state.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 105 S. Ct. 3099 (1985).

17 |       Eleventh Amendment immunity also is consistent with the general rule that

18 | "states or governmental entities that are considered 'arms of the State' for Eleventh Amendment

19 | purposes are not 'persons' under § 1983."  <u>Doe v. Lawrence Livermore National Laboratory</u>, 131

20 | F.3d 836, 839 (9th Cir. 1997) <u>citing</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 109 S.

21 | Ct. 2304, 2311 (1989).

22 |       State agencies, as mere "arms of the state," are similarly immune from suit in

23 | federal court.  <u>See</u> <u>Brooks v. Sulphur Springs Valley Electric Coop.</u>, 951 F.2d 1050, 1053 (9th

24 | Cir. 1991); <u>see</u> <u>also</u> <u>Wood v. Sargeant</u>, 694 F.2d 1159, 1161 (9th Cir. 1982).  California school

25 | districts are "state agencies," and are thus immune from suit under section 1983.  <u>See</u> <u>Belanger v.</u>

26 | <u>Madera Unified School District</u>, 963 F.2d 248, 250-54 (9th Cir. 1992); <u>Cole v. Oroville Union</u>

1   High Sch. Dist., 228 F.3d 1092, 1100 n. 4 (9th Cir. 2000) (California school districts are state

2   agencies and thus immune from damage suits under the Eleventh Amendment).

3          Even though the Eleventh Amendment theoretically protects state agencies and

4   state officials from federal court § 1983 actions, as a practical matter, it rarely makes a difference

5   in § 1983 actions – notwithstanding Eleventh Amendment immunity, state officials nevertheless

6   may be sued in their individual capacities for both damages and injunctive relief.  See Hafer v.

7   Melo, 502 U.S. 21, 31, 112 S. Ct. 358, 365 (1991); Graham, 473 U.S. at 165-67, 105 S. Ct. at

8   3105-06.  That plaintiff may not have expressly named a defendant in his official capacity is not

9   necessarily fatal – the complaint could be amended, and in any event courts have looked to the

10  substance and course of the proceedings, and the relief sought, to determine the nature of a §

11  1983 suit.  See Biggs v. Meadows, 66 F.3d 56, 59-60 (4th Cir. 1995) (collecting cases).

12         In this case, plaintiff has named individual defendants; however, the instant

13  motion is brought by the District alone.  Plaintiff shall amend as to this defendant or it may be

14  dismissed based on Eleventh Amendment immunity.

15         III.  Failure to Plead a Cause of Action Which Entitles Plaintiff to Relief

16         The District finally claims that plaintiff has failed to allege the legal basis for his

17  claims.  If plaintiff intends to allege any claims under California law, he is advised that the

18  District, as a governmental entity, is governed by California statute, and may not be sued unless

19  certain circumstances exist under the California Tort Claims Act.

20         "The Tort Claims Act provides that a public entity is not liable for an injury

21  '[e]xcept as otherwise provided by statute' (Gov.Code, § 815).  ( Zelig v. County of Los Angeles

22  (2002) 27 Cal. 4th 1112, 1127, 119 Cal. Rptr. 2d 709, 45 P.3d 1171.)  The purpose of the Tort

23  Claims Act is not to expand the grounds for public entity liability, but to restrict those grounds to

24  "'rigidly delineated circumstances."'  ( Id. at p. 1127, 119 Cal. Rptr. 2d 709, 45 P.3d 1171.)

25  Under the Tort Claims Act, public employees generally are liable for injuries caused by their acts

26  or omissions to the same extent as private persons. (Gov. Code, § 820, subd. (a.)).  A public

1   entity is vicariously liable for an injury proximately caused by an act or omission of its employee

2   within the scope of employment if the act or omission would give rise to a cause of action against

3   the employee. (Gov.Code, § 815.2, subd. (a).)  But a public entity is not vicariously liable if the

4   employee is immune from liability. ( Id., subds. (a), (b))."  Richards v. Department of Alcoholic

5   Beverages Control, 139 Cal. App. 4th 304, 317, 42 Cal. Rptr. 3d 782, 790 (Cal. App. 2nd Dist.

6   2006).

7            On amendment, if plaintiff is alleging any claims under the California Tort Claims

8   Act, he must allege that he has met the procedural and substantive requirements of this act.

9   CONCLUSION

10           Accordingly, IT IS HEREBY ORDERED that:

11           1.  Defendants' motion to dismiss, filed April 5, 2007, is granted with leave to

12   amend.

13           2.  Plaintiff shall file an amended complaint within thirty days of this order which

14   complies with the requirements set forth herein.  Failure to file an amended complaint will result

15   in a recommendation that this action be dismissed.

16   DATED:   5/22/07

17                                    /s/ Gregory G. Hollows
                                      _____
18                                    GREGORY G. HOLLOWS
                                      U. S. MAGISTRATE JUDGE
19   GGH:076/Sanchez0535.mtd.wpd

20

21

22

23

24

25

26