IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN SANCHEZ,

       Plaintiff,                    No. CIV S-07-0535 FCD GGH PS

      vs.

ELK GROVE UNIFIED SCHOOL
DISTRICT, et al.,

       Defendants.              ORDER
_____/

INTRODUCTION

       This action, in which plaintiff is proceeding pro se, has been referred to the undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21). This action is proceeding on the complaint filed March 19, 2007, against defendants Elk Grove Unified School District ("District"), Stephen Ladd, Xavier de la Torre, Annette Buckmaster, Richard Odegard, Claudia Sherrill, Linda Sutter, Kim Thomas, Lisa Emigh, and Jill Gayaldo. Defendants' previous motion to dismiss, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), filed April 5, 2007, was granted on May 22, 2007, with leave to amend. Plaintiff was advised in that order that failure to file an amended complaint would result in a recommendation that his action be dismissed. Plaintiff did not file an amended complaint but instead filed a motion for appointment of counsel on June 13, 2007. On June 29, 2007, defendants filed an amended

1

motion to dismiss pursuant to Fed. R. Civ. P. 41(b), for failure to file an amended complaint and failure to oppose defendants' motions. Plaintiff's motion for appointment of counsel and defendants' motion to dismiss were heard on August 23, 2007. Plaintiff appeared in pro se. Lynn Garcia appeared for defendants. Having reviewed the filings and heard oral argument, the court now issues the following order.

BACKGROUND

Plaintiff, a former school bus driver instructor of the District, alleges that defendants tried to retaliate against him for filing two complaints of sexual harassment. He claims that his supervisor, Kim Thomas, created a hostile work environment, coworker Lisa Emigh participated in it, and director Claudia Sherrill did nothing to stop it. After plaintiff complained of the harassment, defendants tried to demote and terminate him. The attempted demotion was for insubordination for his refusal to sign a document approving Lisa Emigh to drive because she did not have the required training. When plaintiff tried to clarify the law on this issue which involved additional incidents of incomplete training, the Director of Human Resources, Annette Buckmaster, finally scheduled meetings, but continually cancelled them. Plaintiff claims that as a result of the harassment, his reputation, career and retirement have been harmed. He asserts that if he has to return to this employment, he will be further subjected to a hostile work environment and limited potential for promotion. He seeks $500,000 in damages.

DISCUSSION

    I. Motion for Appointment of Counsel

Plaintiff's June 13, 2007 request for appointment of counsel sets forth his attempts to obtain counsel. He was originally represented by the Carroll law firm but his attorney bills were over $19,000 and he could not afford to continue. He also outlines consultations with other firms, but they were either too busy or could not do his case on a contingency basis. In addition to the four attorneys named, he states he contacted at least another dozen firms. This motion includes numerous exhibits, including a letter, dated October 3, 2006, from the Carroll

2

firm to opposing counsel on his behalf, which outlines his demands.  Pl.'s Mot., Ex. A.

A review of this letter, along with the complaint of record, indicates that plaintiff's allegations do not state a federal cause of action.

Any successful application for appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981).  Before appointing counsel to plaintiff, the Ninth Circuit's decision in Bradshaw requires the court to consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the merits.  Id. at 1318.  Appointment of counsel is not a matter of right.  See Ivey v. Board of Regents, 673 F. 2d 266 (9th Cir. 1982).

Because plaintiff is proceeding in forma pauperis, the first factor, which relates to his financial condition, is a fortiori resolved in his favor.  It is also clear that plaintiff has made a valiant effort to obtain counsel.  Nevertheless, based on a review of the current record, plaintiff is not likely to succeed on the merits.  As explained at the hearing and set forth in the next section, the allegations, if true, do not state a federal cause of action.  Therefore, plaintiff's request for appointment of counsel is denied.

II. Defendants' Motion to Dismiss

The District's first motion to dismiss was based on lack of federal jurisdiction, Eleventh Amendment immunity, and failure to plead a cause of action.  The instant motion to dismiss is brought pursuant to Fed. R. Civ. P. 41(b) for failure to file an amended complaint in compliance with the court's order, and failure to oppose defendants' motions.  Because it is apparent that the court presently has no subject matter jurisdiction, it will make its recommendation on this basis alone.

A district court has an independent duty to examine its own jurisdiction, which is ordinarily determined from the face of the complaint.  Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998), and Ultramar

America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990).

   A. <u>Legal Standard for Motion to Dismiss Based on Lack of Subject Matter Jurisdiction</u>

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. See, e.g., <u>Sopcak v. Northern Mountain Helicopter Serv.</u>, 52 F.3d 817, 818 (9th Cir.1995); <u>Thornhill Pub. Co. v. General Tel. & Electronics Corp.</u>, 594 F.2d 730, 733 (9th Cir.1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. See, e.g., <u>Crisp v. U.S.</u>, 966 F. Supp. 970, 971-72 (E.D. Cal. 1997).

First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." <u>Doe v. Schachter</u>, 804 F. Supp. 53, 56 (N.D.Cal. 1992). Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute. <u>Baker v. Carr</u>, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true. <u>Thornhill</u>, 594 F.2d at 733. In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint. "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional

claims." Id. (quotations and citation omitted).  The court may hear evidence such as declarations or testimony to resolve factual disputes.  Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972).  Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.  Jurisdiction

Plaintiff filed an untimely opposition to the motion to dismiss.  In any event, this court has reviewed the record under the more liberal standards granted to pro se litigants, and pursuant to its own ongoing duty to examine its jurisdiction.

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 and 1332, confer "federal question" and "diversity" jurisdiction, respectively, while statutes regulating specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Lack of subject matter jurisdiction is so fundamental that it may be raised at any time by any party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as

the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

This court is unable to ascertain a federal jurisdictional basis of plaintiff's complaint.  Plaintiff states that he has filed a complaint with FEHA and the EEOC, but alleges only in the most conclusory form that he has been retaliated against for having filed sexual harassment claims.  The court has also reviewed plaintiff's case from the standpoint of the letter by plaintiff's former counsel to the District's counsel.

The most detailed summary of Mr. Sanchez' problems is set forth in the October 3, 2006 letter of his then counsel Sheila Lamb Carroll.  See Exhibit A to Motion for Appointment of Counsel filed June 13, 2007.  The letter focuses entirely on a potential state law whistleblower retaliation violation.  The undersigned cannot discern any federal law based claim within the facts alleged which would survive Bell v. Hood.  Plaintiff's administrative filing with the EEOC/FEHA made factless references to sexual harassment or retaliation from sexual harassment.

Even if plaintiff could amend his complaint to allege all the facts outlined in his former counsel's letter, he would not be able to state a *federal* cause of action.

A suit for retaliation may be brought under Title VII which provides in part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

This section protects an employee or former employee from retaliation as a result of engaging in activity protected by Title VII.  Arnold v. U.S., 816 F.2d 1306, 1310 (9th Cir. 1987); Richardson v. Restaurant Marketing Associates, Inc., 527 F. Supp. 690, 695 (N.D. Cal. 1981).  In a retaliation case, this circuit follows the general rule regarding proof as set forth in

6

McDonnell Douglas. Thus: (1) plaintiff must establish a prima facie case; (2) defendant must then come forward with legitimate nondiscriminatory reasons for the action; and (3) plaintiff has the final burden to show that the action was a pretext for retaliation. Godwin v. Hunt Wesson, Inc., 150 F.3d 1217 (9th Cir.1998); Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464-65 (9th Cir. 1994).

Here, plaintiff alleges only that defendants retaliated against him for bringing to light alleged violations in bus driver training. To state a Title VII claim against the District, plaintiff must specify how this defendant made an adverse employment decision as a direct result of specified protected activity. Plaintiff must specify what federal constitutional or statutory interest is at stake, and demonstrate its violation; or, if plaintiff maintains a violation of state law, he must explain how this gives rise to the violation of a federal right. Plaintiff bears the burden of demonstrating this court's jurisdiction, i.e., that a federal claim actually exists and he has not done so. Therefore, plaintiff's action must be dismissed.

Once before, the court directed plaintiff to amend the complaint. Plaintiff did not do so. However, given the court's perception that plaintiff desired to participate in this litigation, plaintiff will be afforded one more opportunity to amend his complaint. Unless allied with a bona fide federal claim, see 28 U.S.C. § 1367, allegations of state law violation are not actionable in federal court. In amending the complaint, plaintiff shall heed the admonition of the Supreme Court in drafting of the amended complaint's allegations:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must

Case 2:07-cv-00535-FCD-GGH   Document 25   Filed 11/06/07   Page 8 of 8

> contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")....

Bell Atlantic Corp. v. Twombly, __U.S.__, 127 S. Ct. 1955, 1964-1965 (2007).

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel, filed June 13, 2007, is denied.

2. Defendants' motion to dismiss, filed June 26, 2007, is granted for the reasons stated in this decision.

3. This action is dismissed with leave to amend.

4. Plaintiff shall file an amended complaint on or before November 23, 2007. No extensions of time will be granted. If the amended complaint is not filed by November 23, the court will sua sponte recommend that the action be dismissed.

DATED: 11/6/07

/s/ Gregory G. Hollows

---

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Sanchez0535.fr.wpd